UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARON JOHNSON                                                                    CIVIL ACTION

VERSUS                                                                           NO. 14-1620

STATE OF LOUISIANA, ET AL.                                                       SECTION "R" (1)

## REPORT AND RECOMMENDATION

Plaintiff, Baron Johnson, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 against the State of Louisiana, the Jefferson Parish Human Services Authority, Sandra Sumlin, Governor Bobby Jindal, James M. LeBlanc, Sheriff Newell Normand, District Attorney Paul D. Connick, Jr., the West Jefferson Medical Center Hospital, the Louisiana Twenty-Fourth Judicial District Court, and other unidentified individuals. When he filed the complaint, he neither paid the required filing fee nor submitted a completed application to proceed *in forma pauperis*.[1]

On July 17, 2014, the Clerk issued a "Notice of Deficient Filing" advising plaintiff that he must either pay the required $400.00 filing fee or submit a completed pauper application within twenty-one days.[2] Plaintiff failed to comply with that notice.

---

[1] Although he submitted a standard pauper application form, he left the form entirely blank. Rec. Doc. 2.

[2] Rec. Doc. 5.

On August 7, 2014, the undersigned United States Magistrate Judge issued an order directing plaintiff to pay the filing fee or to submit a completed pauper application on or before August 22, 2014. Plaintiff was warned that if he failed to comply with that order, the undersigned would recommend that this action be dismissed.[3] Plaintiff likewise failed to comply with that order.

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. Fed.R.Civ.P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). As noted, plaintiff was twice notified by the Court that he must pay the required filing fee or submit a completed pauper application. He has refused to comply, and, therefore, his complaint should be dismissed for failure to prosecute.[4]

---

[3] Rec. Doc. 7.

[4] Additionally, it can hardly be doubted that, even prior to receiving the notices issued in this case, plaintiff was already aware of the requirement that he pay the filing fee or apply to proceed as a pauper, in that he has filed numerous actions in federal court, including but not limited to the following: Baron Johnson v. James M. LeBlanc, Civil Action No. 10-1734; Baron Johnson v. James M. LeBlanc, Civ. Action No. 10-1735; Baron Johnson v. James M. LeBlanc, Civ. Action No. 10-

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this eighth day of September, 2014.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

1769; Baron Johnson v. James M. LeBlanc, Civ. Action No. 10-1770; Baron Johnson v. James M. LeBlanc, Civ. Action No. 10-1771; Baron Johnson v. James M. LeBlanc, Civ. Action No. 10-3867; Baron Johnson v. James LeBlanc, Civ. Action No. 12-1689; Baron Johnson v. James M. LeBlanc, Civ. Action No. 13-4976; Baron Johnson v. Ruth Jackson, Civ. Action No. 14-937; and Baron Johnson v. Sheriff Harry Lee, Civ. Action No. 14-1627.

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.